UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 03 - 2008 2 CR-MOORE

CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(h)
18 U.S.C. § 2

MAGISTRATE JUDGE
O'SULLIVAN

UNITED STATES OF AMERICA

-vs-

SCOTT M. STANISLAW and
MICHAEL J. LANANNA,
a/k/a "John Buglino,"



FILED by ____ D.C.
MAG. SEC.

JAN 30 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1.      Majestic Rose Farms, Inc. ("Majestic") was an importer and distributor of roses operating out of offices located in Miami-Dade County, in the Southern District of Florida. After receiving orders by telephone, mail, and private and commercial interstate carrier, Majestic shipped its flowers by private and commercial interstate carrier to florists throughout the United States.



2.      Defendant **SCOTT M. STANISLAW** was the founder, President, and Treasurer of Majestic.

3.      Defendant **MICHAEL J. LANANNA, a/k/a "John Buglino,"** is defendant **SCOTT M. STANISLAW**'s brother-in-law, and managed the day-to-day operations of Majestic.

## COUNT 1
### Conspiracy to Commit Wire and Mail Fraud
### (18 U.S.C. § 371)

4.      From an unknown date but at least as early as on or about January 2, 1998 and continuing through in or around March 1998, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SCOTT M. STANISLAW**
**and**
**MICHAEL J. LANANNA,**
**a/k/a "John Buglino,"**

did knowingly and willfully combine, conspire, confederate and agree with each other to commit certain offenses against the United States, namely:

a.      wire fraud, in violation of Title 18, United States Code, Section 1343; and

b.      mail fraud, in violation of Title 18, United States Code, Section 1341.

### PURPOSE AND OBJECT OF THE CONSPIRACY

5.      It was the purpose and object of the conspiracy for the defendants, **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** through Majestic, to unlawfully enrich themselves by: (1) using the FTD Mercury computer system ("Mercury system") to induce florists nationwide to send them money as down payments for future shipments of flowers; (2) inducing flower growers to send them flowers on credit, which credit they would not repay; and

-2-

(3) diverting the money received from the florists and growers for their own personal use and benefit.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the object of the conspiracy include, among others, the following:

6.      On or about January 2, 1998, defendants **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** caused an electronic message, ostensibly from "Paul" at Majestic and advertising Valentine's Day roses for sale at $1 per stem, to be sent via the Mercury system to 12,000 florists in the FTD network throughout the United States.

7.      Defendants **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** caused instructions to be included with the Mercury system advertisement directing those florists seeking to buy roses to respond via the Mercury system, after which they would receive a package with ordering instructions and a return Federal Express envelope in which to mail their orders.

8.      Defendants **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** required those florists responding to the Mercury system advertisement to send a 50% deposit with any order for flowers.

9.      Defendants **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** instructed the employees of Majestic to remove these deposit checks from the orders received via the Mercury system, deposit them into a Majestic bank account, and place the orders in a separate box in Majestic's offices where the majority of those orders remained, unfilled, through Valentine's Day 1998.

10.     Defendants **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John**

Buglino," on behalf of Majestic, caused orders for roses to be placed with several flower growers located in Ecuador, South America, which orders were shipped to Majestic on credit.

11.     Defendants **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** failed to pay the Ecuadorian flower growers for their flowers, and fraudulently evaded all efforts by the growers to obtain payment.

12.     Between on or about January 16, 1998 and on or about February 20, 1998, defendants **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** withdrew and caused to be withdrawn approximately $748,642 from Majestic's operating bank account number 2090001726786 at First Union bank and another approximately $50,000 from Majestic's payroll account number 2090001979410 at First Union bank, most of it in cash.  Thereafter, defendants **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** diverted these monies for their own personal use and benefit.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, at least one of the co-conspirators committed and/or caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

13.     On or about January 2, 1998, defendants **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** directed an electronic message advertising Valentine's Day roses for sale at $1 per stem to be sent via the FTD Mercury system to 12,000 florists in the FTD network.

14.     On or about January 21, 1998, the defendants received a cashier's check in the amount of $500 sent via Federal Express by Flowers & Gifts by Special Effects in Wall, New Jersey.

15.     On or about January 22, 1998, the defendants directed an employee at Majestic to send a facsimile to Ecuadorian flower grower Flores Bemani requesting 600 boxes of roses for shipment prior to Valentine's Day 1998.

16.     On or about January 30, 1998, the defendants received a cashier's check in the amount of $375 sent via Federal Express by Floral Expressions in Loveland, Colorado.

17.     On or about February 2, 1998, the defendants accepted a shipment of roses from Ecuadorian flower grower Flores Bemani at Majestic's warehouse in Miami, Florida.

18.     On or about February 5, 1998, the defendants received a cashier's check in the amount of $375 sent via Federal Express by Floral Expressions in Loveland, Colorado.

19.     On or about February 6, 1998, the defendants received a certified check in the amount of $846.25 sent via Federal Express by Add-A-Touch Florist in Martin, Kentucky.

20.     On or about February 9, 1998, the defendants received check number 6050 in the amount of $741 sent via Federal Express by Richfield Floral & Gift, Inc. in Richfield, Utah.

21.     On or about February 10, 1998, defendant **MICHAEL J. LANANNA, a/k/a "John Buglino,"** faxed a letter to Majestic's Ecuadorian flower suppliers informing them that Majestic was closing temporarily for vacation.

22.     On or about February 11, 1998, defendants **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** told a representative of Flores Bemani that they would pay the approximately $73,000 they owed to Flores Bemani by the end of the month.

All in violation of Title 18, United States Code, Sections 371 and 2.

**COUNT 2**
**Wire Fraud**
**(18 U.S.C. §§ 1343 and 2)**

1.      The General Allegations section of this Indictment is re-alleged and incorporated fully herein by reference.

2.      From an unknown date but at least as early as on or about January 2, 1998 and continuing through in or around March 1998, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SCOTT M. STANISLAW**
**and**
**MICHAEL J. LANANNA,**
**a/k/a "John Buglino,"**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud, and to obtain money and property from florists and growers by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations and promises were false when made.

**SCHEME AND ARTIFICE**

3.      It was the purpose of the scheme and artifice for the defendants, **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** through Majestic, to unlawfully enrich themselves by: (1) using the Mercury system to induce florists nationwide to send them money as down payments for future shipments of flowers; (2) inducing flower growers to send them flowers on credit, which credit they would not repay; and (3) diverting the money received from the florists and growers for their own personal use and benefit.

4.      The allegations in paragraphs 6 through 12 of Count 1 of this Indictment are realleged

-6-

and incorporated by reference herein as the manner and means of the scheme and artifice.

## USE OF THE WIRES

5.      On or about February 10, 1998, at Miami-Dade County, in the Southern District of Florida, and elsewhere, defendants **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property from florists and growers by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs and signals, that is, a letter to Majestic's Ecuadorian flower suppliers informing them that Majestic was closing temporarily for vacation.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 3 - 6
### Mail Fraud
### (18 U.S.C. §§ 1341 and 2)

1.      The General Allegations section of this Indictment is re-alleged and incorporated fully herein by reference.

## SCHEME AND ARTIFICE

2.      It was the purpose of the scheme and artifice for the defendants, **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** through Majestic, to unlawfully enrich themselves by: (1) using the Mercury system to induce florists nationwide to send them money as down payments for future shipments of flowers; (2) inducing flower growers to send them flowers on credit, which credit they would not repay; and (3) diverting the money received from the florists and growers for their own personal use and benefit.

-7-

3.      The allegations in paragraphs 6 through 12 of Count 1 of this Indictment are realleged and incorporated by reference herein as the manner and means of the scheme and artifice.

## USE OF THE MAILS

4.      From between on or about January 30, 1998 and on or about February 9, 1998, at Miami-Dade County, in the Southern District of Florida, and elsewhere, defendants **SCOTT M. STANISLAW** and **MICHAEL J. LANANNA, a/k/a "John Buglino,"** for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property from florists and growers by means of material false and fraudulent pretenses, representations and promises, and attempting to do so, did knowingly cause to be deposited packages to be sent and delivered by private and commercial interstate and international carrier, as more particularly described in each count below:

| COUNT | APPROX. DATE | DESCRIPTION OF MAILING |
|-------|--------------|------------------------|
| 3 | January 30, 1998 | Federal Express shipment of cashier's check for $375 from Floral Expressions in Loveland, Colorado, to Majestic in Miami, Florida |
| 4 | February 5, 1998 | Federal Express shipment of cashier's check for $375 from Floral Expressions in Loveland, Colorado, to Majestic in Miami, Florida |
| 5 | February 6, 1998 | Federal Express shipment of certified check for $846.25 from Add-A-Touch Florist in Martin, Kentucky, to Majestic in Miami, Florida |
| 6 | February 9, 1998 | Federal Express shipment of check number 6050 for $741 from Richfield Floral & Gift, Inc. in Richfield, Utah, to Majestic in Miami, Florida |

All in violation of Title 18, United States Code, Sections 1341 and 2.

<u>COUNT 7</u>
**Money Laundering Conspiracy**
**(18 U.S.C. § 1956(h))**

1.       The General Allegations section of this Indictment is re-alleged and incorporated fully

herein by reference.

2.       From in or around January 1998, through in or around March 1998, at Miami-Dade

County, in the Southern District of Florida, and elsewhere, the defendants,

**SCOTT M. STANISLAW**
**and**
**MICHAEL J. LANANNA,**
**a/k/a "John Buglino,"**

did knowingly combine, conspire, confederate and agree with each other to commit certain offenses

under Title 18, United States Code, Sections 1956, namely, to conduct and attempt to conduct a

financial transaction affecting interstate and foreign commerce, which involved the proceeds of

specified unlawful activity, that is, wire and mail fraud, as alleged in Counts 2 through 6 of this

Indictment, in violation of Title 18, United States Code, Sections 1343 and 1341, knowing that the

transaction was designed in whole and in part to conceal and disguise the nature, the location, the

source, the ownership and the control of the proceeds of specified unlawful activity, and knowing

that the property involved in the financial transaction represented the proceeds of some form of

unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 8 - 23
### Money Laundering
### (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

1.      The General Allegations section of this Indictment is re-alleged and incorporated fully herein by reference.

2.      On or about the dates specified below, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### SCOTT M. STANISLAW
### and
### MICHAEL J. LANANNA,
### a/k/a "John Buglino,"

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, as specified below with respect to each count, each such transaction involving the proceeds of a specified unlawful activity, that is, wire and mail fraud, as alleged in Counts 2 through 6 of this Indictment, in violation of Title 18, United States Code, Sections 1343 and 1341, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, and knowing that the property involved in the financial transaction, as set forth with respect to each count below, represented proceeds of some form of unlawful activity:

| COUNT | APPROX. DATE | FINANCIAL TRANSACTION |
|-------|-------------|----------------------|
| 8 | January 30, 1998 | Check number 3720 in the amount of $9,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |
| 9 | February 2, 1998 | Check number 3741 in the amount of $9,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |

-10-

| 10 | February 3, 1998 | Check number 3744 in the amount of $9,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |
| 11 | February 4, 1998 | Check number 3751 in the amount of $9,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |
| 12 | February 6, 1998 | Check number 3772 in the amount of $9,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |
| 13 | February 10, 1998 | Check number 3787 in the amount of $20,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |
| 14 | February 11, 1998 | Check number 3795 in the amount of $50,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |
| 15 | February 11, 1998 | Check number 3796 in the amount of $20,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |
| 16 | February 11, 1998 | Check number 3810 in the amount of $65,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |
| 17 | February 12, 1998 | Check number 3799 in the amount of $60,000, drawn on Majestic account number 2090001726786 at First Union bank  cashed |
| 18 | February 13, 1998 | Check number 3822 in the amount of $70,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |
| 19 | February 17, 1998 | Check number 1192 in the amount of $15,000, drawn on Majestic account number 2090001979410 at First Union bank cashed |
| 20 | February 17, 1998 | Check number 3830 in the amount of $60,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |
| 21 | February 18, 1998 | Check number 3835 in the amount of $20,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |

| 22 | February 19, 1998 | Check number 3836 in the amount of $20,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |
| 23 | February 20, 1998 | Check number 3840 in the amount of $20,000, drawn on Majestic account number 2090001726786 at First Union bank cashed |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

A TRUE BILL

_Robert P. Soper_

FOREPERSON

_Thomas J. Mulhill for_
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_Curt Miller for_
DAVID M. BUCKNER
ASSISTANT UNITED STATES ATTORNEY

-12-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

**SCOTT M. STANISLAW and
MICHAEL J. LANANNA
a/k/a JOHN BUGLINO**

_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

New Defendant(s)    Yes ____   No ____
Number of New Defendants    ____
Total number of counts    ____

**Court Division:** (Select One)

**X** Miami    ____ Key West
____ FTL    ____ WPB ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) **No**_____
   List language and/or dialect _____

4. This case will take    **5**    days for the parties to try.

5. Please check appropriate category and type of offense listed below.
   (Check only one)                          (Check only one)

   | | | | |
   |---|---|---|---|
   | I | 0 to 5 days | **X** | Petty |
   | II | 6 to 10 days | ____ | Minor |
   | III | 11 to 20 days | ____ | Misdem. |
   | IV | 21 to 60 days | ____ | Felony |
   | V | 61 days and over | ____ | |

   FILED by _____ D.C.
   MAG. SEC.

   **JAN 3 0 2003**

   CLARENCE MADDOX
   CLERK U.S. DIST. CT.
   S.D. OF FLA. - MIAMI

6. Has this case been previously filed in this District Court? (Yes or No) **NO**____

   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) **NO**_____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No) _____**NO**____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? **X** Yes ____ No   If yes, was it pending in the Central Region? ____ Yes **X** No

8. Did this case originate in the Narcotics Section, Miami? ____ Yes **X** No

_Cecie P. attits for_

DAVID M. BUCKNER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 060550

**\*Penalty Sheet(s) attached**

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** **SCOTT M. STANISLAW**

**Case No:**

**Count #: 1**

  Conspiracy to Commit Wire and Mail Fraud

  Title 18, United States Code, Section 371

**\* Max.Penalty:**       5 Years of Imprisonment

**Count #: 2**

  Wire Fraud

  Title 18, United States Code, Section 1343

**\* Max.Penalty:**       5 Years of Imprisonment

**Counts #: 3 - 6**

  Mail Fraud

  Title 18, United States Code, Section 1341

**\* Max.Penalty:**       5 Years of Imprisonment

**Count #: 7**

  Money Laundering Conspiracy

  Title 18, United States Code, Section 1956(h)

**\* Max.Penalty:**       20 Years of Imprisonment

FILED by _____ D.C.
MAG. SEC.

JAN 30 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Counts #: 8 - 23

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i) and 2

**\* Max.Penalty:**            20 Years of Imprisonment



**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: <u>MICHAEL J. LANANNA a/k/a JOHN BUGLINO</u>**

**Case No:**

**Count #: 1**

Conspiracy to Commit Wire and Mail Fraud

Title 18, United States Code, Section 371

**\* Max.Penalty:**              5 Years of Imprisonment

**Count #: 2**

Wire Fraud

Title 18, United States Code, Section 1343

FILED by _____ D.C.
MAG. SEC.

JAN 3 0 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**\* Max.Penalty:**              5 Years of Imprisonment

**Counts #: 3 - 6**

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max.Penalty:**              5 Years of Imprisonment

**Count #: 7**

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\* Max.Penalty:**              20 Years of Imprisonment

Counts  #: 8 - 23

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i) and 2

\* **Max.Penalty**:              20 Years of  Imprisonment



**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

2

03-503-8010

FORM DBD-34
JUN. 85

Case No. 03 - 20082 CR-MOORE

UNITED STATES DISTRICT COURT

------- SOUTHERN ---- District of ------ FLORIDA -------

THE UNITED STATES OF AMERICA

vs.

SCOTT M. STANISLAW, et al.

INDICTMENT
IN VIOLATION OF:

18 U.S.C. § 371
18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(h)
18 U.S.C. § 2

A true bill.

_____
                  Foreman

Filed in open court this ------------------

of ------------- A.D. 20 03.

_____
                        Clerk

Bail $ -----------------

MAGISTRATE J
O'SULLIVAN